**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| GUILLERMO MATA, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) |
| *Plaintiff*, | ) No. 18-cv-08475 ) |
| v. | ) Hon. Jorge L. Alonso ) |
| FLETCHER JONES OF CHICAGO, LTD., LLC, a Nevada Limited Liability Company, and KAARYA, LLC, a Delaware Limited Liability Company, | ) ) ) **JURY TRIAL DEMANDED** ) ) |
| *Defendants*. | ) |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Guillermo Mata ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this class action complaint against Defendants Fletcher Jones of Chicago, LTD., LLC ("Fletcher Jones") and Kaarya, LLC (d/b/a "myKarmaa") ("myKarmaa") (together "Defendants") to stop Defendants' practice of making unauthorized and unsolicited text message calls to consumer's cellular telephones, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by his attorneys.

**NATURE OF THE ACTION**

1. In a misguided effort to market myKarmaa's clients' services, such as Fletcher Jones, myKarmaa engaged in an invasive and unlawful form of marketing: the transmission of unauthorized advertisements in the form of text message calls to the cellular telephones of

1

consumers throughout the nation.

2. By effectuating these unauthorized text message calls, Defendants have violated the called parties' statutory rights and have caused consumers actual harm, not only because consumers were subjected to the aggravation and invasion of privacy that necessarily accompanies unauthorized automated text messages, but also because consumers, like Plaintiff, must frequently pay their cell phone service providers or incur a usage allocation deduction from their calling plans for the receipt of such messages, notwithstanding that the text messages were made in violation of specific legislation on the subject.

3. In order to redress these injuries, Plaintiff, on behalf of himself and the proposed Class and Subclass defined below, brings this suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), which protects the privacy right of consumers to be free from receiving unauthorized text messages.

4. On behalf of the proposed Class and Subclass, Plaintiff seeks an injunction requiring Defendants to cease all unauthorized text messages and an award of actual and statutory damages to the class and subclass members, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.

6. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) because Defendants transact business in this District, and a substantial part of the events concerning the unauthorized robocalls at issue occurred in this District.

**THE PARTIES**

7. Plaintiff a resident and citizen of the State of California.

8. Defendant myKarmaa, headquartered in Long Beach, Califonira, is a Delaware corporation that provides mobile marketing services including the implementation of the automated text message campaigns alleged herein.

9. Defendant Fletcher Jones operates an automotive dealership under the assumed name, Mercedes-Benz of Chicago, that sells and services Mercedes-Benz automobiles. It is a Nevada Limited Liability Company with its principal place of business located in Cook County, Illinois.

**COMMON ALLEGATIONS OF FACT**

10. myKarmaa provides marketing services to automotive businesses nationwide, including a number of dealerships.

11. Fletcher Jones and its dealership at 1520 W North Ave, Chicago, IL 60642 are one of myKarmaa's clients. In an effort to promote its dealership and services, Fletcher Jones partnered with marketing agent myKarmaa to implement mass automated text message campaigns.

12. Specifically, among other text message marketing conducted by Defendants, Defendants sent text message advertisements informing consumers of new menu items at Fletcher Jones' café at its North Ave. dealership

13. myKarmaa sends similar such text message advertisements to thousands of other consumers on behalf of its over 700 automotive clients.

14. However, Defendants fail to honor requests to discontinue text message calls and routinely send unauthorized text message advertisements to cell phones of individuals who have revoked their consent to be sent messages by Defendants.

3

15. For example, beginning in or about September 2017, or some months prior, and continuing for months thereafter, Defendants sent Plaintiff automated text message advertisements and emails regarding the service of a car that he did not own or lease.

16. On or about September 9, 2017, Plaintiff contacted Fletcher Jones to inform them that he was receiving text message calls and emails regarding a car he did not own or lease and had no association with and requested that Defendants no longer contact him.

17. On October 2, 2017 Plaintiff responded to another one of Defendants' unwanted text message advertisements with a text message that stated:

> "Please stop sending me text messages and emails this is not my car I've never had this car and I have not asked for your services"

18. However, despite making a request to no longer be contacted, Defendants ignored Plaintiff's request and on or about November 22, 2017, Plaintiff received an automated text from "312-533-4282" promoting "new menu" items at Fletcher Jones' dealership on North Ave. The text message stated:

> "Thank you for choosing us and for using our services. Check out our new menu items at our Café while you're here – Fletcher Jones MB Chicago
> Text STOP for NO text."

19. At no time after Plaintiff requested to not be contacted on October 2, 2017 did Plaintiff again provide consent to receive any further text messages, making all text messages sent by Defendants thereafter unauthorized.

20. The unauthorized text messages received by Plaintiff contained generic content promoting myKarmaa's client Fletcher Jones and were automatically distributed by Defendants to lists of telephone numbers.

21. In addition to being a nuisance and an invasion of privacy, Defendants' unauthorized automated text messages consistently interfered with Plaintiff's, and Class and

4

Subclass members', use of their cellular telephones.

## CLASS ALLEGATIONS

22. Plaintiff brings this action on behalf of himself, and a Class and Subclass of individuals, defined as:

<u>The Class</u>: All persons in the United States and its Territories who, within the past four years, received one or more text messages advertisements from myKarmaa on their cellular telephone after communicating to myKarmaa that it did not have consent to send any further text messages to that telephone number.

<u>The Subclass</u>: All persons in the United States and its Territories who, within the past four years, received one or more text messages advertisements from Fletcher Jones on their cellular telephone after communicating to Fletcher Jones that it did not have consent to send any further text messages to that telephone number

23. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and Subclass. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and Subclass and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class and Subclass.

24. Absent a class action, most members of the Class and Subclass would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

25. Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class and Subclass, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and Subclass, and making injunctive or corresponding declaratory relief appropriate for the Class and Subclass as a whole.

26. The factual and legal bases of Defendants' liability to Plaintiff and to the members of the Class and Subclass are the same, resulting in injury to the Plaintiff and to all of the other members of the Class and Subclass. Plaintiff and the other members of the Class and Subclass have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

27. Upon information and belief, there are hundreds, if not thousands, of members of the Class and Subclass such that joinder of all members is impracticable.

28. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class and Subclass, and those questions predominate over any questions that may affect individual members of the Class and Subclass. Common questions for the Class and Subclass include, but are not limited to, the following:

(a) Whether Defendants sent one or more text message advertisements to members of the Class and Subclass after they had revoked consent to receive any such text messages;

(b) Whether Defendants used an automatic telephone dialing system to transmit the text message advertisements at issue;

(c) Whether Defendants systematically continued to transmit automated text message advertisements to individuals who communicated to Defendants that they did not consent to receive such text messages from Defendants;

(d) Whether Defendants' conduct violated the Plaintiff's and the Class and Subclass

6

members' respective rights to privacy;

(e) Whether Defendant's conduct was willfully in violation of the TCPA such that the members of the Class and Subclass are entitled to treble damages;

(f) Whether Defendants should be enjoined from engaging in such conduct in the future.

## COUNT I

### Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227, et seq.) on behalf of the Class and Subclass

29. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

30. Defendants made unsolicited and unauthorized text message calls using an automatic telephone dialing system to the cellular telephone numbers of Plaintiff and the other members of the Class and Subclass after Plaintiff and the members of the Class and Subclass communicated to Defendants that they did not have consent to send such messages.

31. These text messages calls were automatically generated and sent *en masse* to lists of telephone numbers using equipment that had the capacity at the time the calls were placed to store or produce telephone numbers to be called using a random or sequential number generator and to automatically dial such numbers without human intervention.

32. Defendants have, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

33. As a result of Defendants' illegal conduct, the members of the Class and Subclass have had their privacy rights violated, have suffered statutory and actual damages, and under section 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

34. To the extent the Court determines the Defendants' conduct was willful and

knowing, the Court should, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and members of the Class and Subclass.

WHEREFORE, Plaintiff, on behalf of himself and the members of the Class and Subclass, prays for the following relief:

A. An Order certifying the Class and Subclass as defined above;

B. An award of actual and statutory damages;

C. An injunction requiring Defendants to cease all unauthorized automated telephone activities;

D. An award of reasonable attorneys' fees and costs; and

E. Such other and further relief the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: February 14, 2019

GUILLERMO MATA, individually and on behalf of a class and subclass of similarly situated individuals

By: /s/ Eugene Y. Turin
    One of Plaintiff's Attorneys

Eugene Y. Turin
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
eturin@mcgpc.com

*Attorneys for Plaintiff and the putative Class and Subclass*